## STATE *vs.* SAMUEL BURRIS.

1. INDICTMENT AND INFORMATION—ATTEMPTS.
   An indictment or information under a statute relating to attempts to
commit offenses, which contains no description of the act done or step taken
beyond mere preparation of the accused in attempting to commit the par-
ticular crime, is insufficient.

2. INDICTMENT AND INFORMATION—STATUTORY OFFENSE IN LANGUAGE OF
   STATUTE.
   Generally it is sufficient to charge an offense in the words of the statute
when the offense is thereby described with reasonable certainty.

3. ELECTIONS—VIOLATION OF ELECTION LAWS—CONSTITUTIONAL PROVI-
   SIONS.
   The offense defined by *Const. art.* 5, § 7, of causing or attempting to cause
any officer of election to violate his official duty, is not one of an attempt to
commit a particular crime, but is a distinct, substantive offense.

4. ELECTIONS—OFFENSES—INFORMATION.
   An information charging with causing or attempting to cause primary
election officers to close the polls between one and seven o'clock by "direct-
ing, commanding, counseling and advising" them to close same, charges an
offense under *Const. art.* 5, § 7, as to causing or attempting to cause violation
of election duties.

(*March* 29, 1916.)

Judges BOYCE and CONRAD sitting.

*Armon D. Chaytor, Jr.*, Deputy Attorney General, for the state.

*David J. Reinhardt* for the accused.

Court of General Sessions, New Castle County, March Term,
1916.

INFORMATION No. 53, November Term, 1915.

An information charged Samuel Burris with the violation of *Article* 5, *Section* 7, *Constitution* of the State of Delaware, in that, as alleged, he did cause or attempt to cause certain officers of a primary election, held in the City of Wilmington, to violate their duty to keep the polls open from one to seven o'clock, as required by statue. On special demurrer to the several counts in the information. Demurrer overruled. The facts are stated in the opinion.

BOYCE, J., delivering the opinion of the court.

This is a special demurrer to an information, charging Samuel Burris with the violation of a certain provision of *Section* 7, *Article* 5 of the Constitution of the State of Delaware.

Seven causes of demurrer are assigned, but the first and sixth were abandoned at the argument.

The second and third causes are substantially the same, and are that the facts alleged in each count of the information do not constitute any offense under the Constitution and laws of the state; the fourth is that the facts set forth in each count are not alleged with sufficient particularity to inform the accused of the offense with which he is charged; the fifth is that each count states a conclusion of law; and the seventh is that each count is in other respects uncertain, informal and insufficient.

The allegations in the first and second parts of each count of the information are practically the same, and, it may be said in general language, set forth matters of a holding to bail of the accused to answer the charge that he did unlawfully attempt to cause, and did cause three certain officers of primary election, held in Wilmington Hundred, New Castle County, on the fifteenth day of May, A. D. 1915, under the provisions of *Chapter* 58, *Revised Code* of 1915, for the purpose of nominating candidates for a municipal election in the City of Wilmington, to violate their official duty by directing, commanding, counseling and advising said officers of election to close the polls at which said primary election was being held.

The argument of counsel for the accused in support of the

demurrer was directed particularly to the allegations contained in the latter part of each count, that is to that part of the first count, charging that the said Samuel Burris, late etc., on etc., with etc., at etc., then and there while said primary election was being held as aforesaid by the officers aforesaid, and unlawfully intending to procure and cause said officers of election to close the polls at which said election was being held as aforesaid, and thereby to procure and cause said officers of election to violate their official duty did unlawfully then and there between the hours of one o'clock and seven o'clock in the afternoon *solicit, direct, command, incite, counsel and advise* the said officers of election to close the polls at which the primary election aforesaid was being held as aforesaid; to that part of the second count charging that, * * * did unlawfully * * * while said primary election was * * * being held * * * by the officers aforesaid, attempt to cause the said officers of election to violate their official duty by * * * between the hours of one o'clock and seven o'clock in the afternoon, *directing, commanding, counseling and advising* the said officers of election to close the polls at which the primary election aforesaid was being held as aforesaid; to that part of the third count charging that * * * unlawfully did cause the officers of election aforesaid, while said primary election was being held as aforesaid in said primary election district, to violate their official duty in that he, * * * unlawfully did cause the said officers of election to close the polls at which said primary election was * * * being held as aforesaid by * * * *directing, commanding, counseling and advising* said officers of election to close said polls; to that part of the fourth count charging that * * * unlawfully did cause the officers of election aforesaid, while said primary election was being held as aforesaid in said primary election district, to violate their official duty in that he, * * * unlawfully did cause the said officers of election to close the polls at which said primary election was * * * being held as aforesaid by * * * directing, commanding, counseling and advising the said officers of election to close said polls, and the officers of election aforesaid, upon and by the direction, command, counsel and advice of

Opinion.

the said * * * did * * * between the hours of one o'clock and seven o'clock in the afternoon close said polls and the said polls did keep closed for a space of time, of upwards of one hour, contrary, etc.

[1, 2] An indictment, or information, under a statute relating to attempts to commit offenses which contains no description of the act done or step taken beyond mere preparation of the accused in attempting to commit the particular crime is insufficient; but generally it is sufficient to charge an offense in the words of the statute, when the offense is thereby described with reasonable certainty.

The offense created by the Constitution, and now under consideration, is set forth in these words:

"Every person * * * who either in or out of the state shall, by the use or promise of money or other valuable thing, or otherwise, cause or attempt to cause any officer of election * * * to violate his official duty * * * shall be," etc.

[3] The offense thus defined is not one of an attempt to commit a particular crime; but it is, within the terms of the Constitution, a distinct, substantive offense. If the accused did cause or attempt to cause the election officers to violate their official duty in the way and manner charged, he committed such an offense.

[4] The information filed sufficiently informs the accused of the acts or means by which, as alleged, he caused or attempted to cause certain election officers to violate their duty as well as the particular duty which they were required to perform, and which, as averred, he caused or attempted to cause them to violate.

It is the opinion of the court that the several counts in the information charge an offense under the Constitution of this state and describe the same.

The demurrer is overruled.