## STATE vs. JOHN KREUGER

1. INDICTMENT AND INFORMATION—INDICTMENT IN THE LANGUAGE OF THE STATUTE FOR ASSAULT WITH AUTOMOBILE HELD SUFFICIENT.

An indictment under *Rev. Code*, 1915, § 243, for a felonious and willful misdemeanor and assault in striking a person with an automobile, following the statute requiring operator of motor vehicle to give reasonable warning of his approach to any person walking on the highway, was sufficient as against the contention that the statute did not contain the elements of the offense, there being a distinction in this regard between an attempt and a completed offense.

2. INDICTMENT AND INFORMATION—COUNT FOR ASSAULT BY STRIKING PEDES-TRIAN WITH AUTOMOBILE HELD INSUFFICIENT.

A count of an indictment under *Rev. Code* 1915, § 246, for felonious assault in striking a pedestrian with an automobile, which alleged that defendant was engaged in the operation of a motor vehicle at an unreasonable rate of speed, to wit, at a rate of speed which then and there did endanger the safety of persons in or near said highway, does not clearly and plainly inform the defendant of the nature and cause of the accusations against him.

(*November 22*, 1920)

PENNEWILL, C. J., BOYCE and RICE, J. J., sitting.

*David J. Reinhardt*, Atty.-Gen., for the State.

*Charles F. Curley* for accused.

Court of Oyer and Terminer for New Castle County, November 18th, 1920.

INDICTMENT No. 127, September Term, 1920.

John Kreuger was indicted for felonious and willful misdemeanor and assault upon Raymond T. Hurd, resulting in the killing of Hurd. On motion to strike out the second and forth counts in the indictment. Second count sustained; the fourth stricken out.

See also, *infra p*. 152.

The second count charged that John Kreuger—

"was then and there engaged in the operation of a motor vehicle in a southerly direction on said highway and approaching a certain Raymond T. Hurd then and there walking upon the said highway, without then and there giving *reasonable warning* of his approach to said Raymond T. Hurd so then and there walking as aforesaid."

Then followed the charge of a felonious and wilful assault and the infliction of certain mortal wounds upon the said Raymond T. Hurd of which he did die.

The language of the fourth count objected to as insufficient is contained in the opinion below.

The second count was found under *Rev. Code* 1915, § 243, which provides:

"Upon approaching any person walking upon the public highways, * * * the operator of the motor vehicle shall give reasonable warning of his approach."

The fourth count was found under *section* 246 of the *Code*, in which it is stated—

"provided that nothing in this section shall permit any person to drive a motor vehicle at a greater rate of speed than is reasonable, having regard to the traffic, or so as to endanger the safety of any person or injure the property of any person." * * *

It was urged, on behalf of the accused, in support of the motion, that the two counts were insufficient in that each stated a conclusion of law, without showing the facts; that the acts relied on as constituting the offense must be stated. *Clark's Crim. Proc.* (2d Ed.) 182, 184; 1 *Bishops New Crim. Proc.* §530; 1 *Whar. Crim. Proc.* (10th Ed.) §§ 269, 270. That it was not sufficient to charge the offense in the language of the statute, because the elements of the offense are not supplied by the statute. *State v. Donovan*, 5 *Boyce*, 40, 90 *Atl.* 220.

With respect to the second count in the indictment the Attorney General claimed that the averment of the offense charged therein is in the language of the statute which amply supplies the elements of the offense created thereby without further description. He regarded the fourth count good, as sufficiently informing the accused that he was not operating his automobile at the time of the accident at a reasonable rate of speed under the surrounding circumstances. *State v. Watson*, 216 Mo. 420, 115 S. W. 1011; *State v. Donovan, supra.*

PENNEWILL, C. J. (delivering the opinion of the court).

[1] Objection is made to the second and fourth counts on the ground that they aver only conclusions of law, and do not set out any facts that inform the defendant of what he must meet at the trial. Relying on the case of *State v. Donovan*, 5 *Boyce*, 40, 90 *Atl.* 220, it is contended that it is not enough to charge the offense in the lan-

guage of the statute when the elements of the offense are not set out in the statute.

But it will be observed that in the Donovan Case, the defendant was charged with an attempt to commit an offense, and in the present case with a substantive and completed offense, viz. driving an automobile without giving reasonable warning. We think there is a well recognized distinction between the two cases in respect to the facts necessary to be averred in the indictment. After all, the essential requirement is that the indictment shall plainly and fully inform the defendant "of the nature and cause of the accusations against him," and we are clear that such information is given by the second count. The offense charged is driving an automobile without giving reasonable warning, etc., and that is what the defendant must be prepared to meet; and that is what he can meet by showing that he gave some warning, any warning that the jury believe was reasonable under the circumstances.

In the Donovan Case the court very properly said an averment that substantially follows the language of the statute is not sufficient when the elements of the crime are not supplied by the statute. In simply charging an attempt to commit a crime the elements of the crime are not disclosed, but in the present case every fact necessary to constitute the offense is set out in the statue and in the indictment which follows the statute. It certainly is not necessary that the indictment should negative any warning that might be given by the driver of an automobile. The averment that he gave no reasonable warning is in the opinion of the court sufficient because it clearly and sufficiently informs the defendant that he must be prepared to show that he gave some warning that was reasonable under the circumstances. The present case we think comes more within the principle declared in the case of *State v. Burris*, 6 *Boyce*, 169, 97 *Atl.* 428, in which the court said:

"But generally it is sufficient to charge an offense in the words of the statute, when the offense is thereby described with reasonable certainty."

[1] In respect to the objection to the fourth count we are of the opinion that the language of the indictment, to wit, " was engaged in the operation of a motor vehicle at an unreasonable rate

of speed, to wit: at a rate of speed which then and there did endanger the safety of persons in or near said highway" (*Rev. Code* 1915, § 246), does not clearly and plainly inform the defendant of the nature and cause of the accusations against him.

To give the defendant the information needed to prepare his defense we think the indictment should show conditions existing at the time of the accident that made the speed at which the defendant was driving unreasonable.

The motion of the defendant is refused as to the second count, and sustained as to the fourth count.