KENT COUNTY MOTOR COMPANY, a corporation of the State of Delaware, *vs.* THE PURE OIL COMPANY, a corporation of the State of Ohio.

(*March* 10, 1926.)

RICHARDS and RODNEY, J. J., sitting.

*Henry Ridgely* for plaintiff.

*Ayres J. Stockley* for defendant.

Superior Court for New Castle County, January Term, 1926. No. 65, September Term, 1925.

RICHARDS, J., delivering the opinion of the Court:

The declaration consists of three counts, and the demurrer applies to all of them.

Four causes of demurrer are assigned, the effect of each being that the relative positions of the two automobiles with respect to the intersection is not set forth.

The first count uses the following language in describing the positions of the two automobiles at the time of the accident:

"For that whereas, the Pure Oil Company, the defendant above named, was, at the time of the committing of the grievances hereinafter mentioned, and ever since hath been, and still is, a corporation of the State of Ohio, and Kent County Motor Company, during all of said time, was, and still is, a corporation of the State of Delaware, and heretofore, to wit, on the twenty-fifth day of September, 1924, at New Castle County aforesaid, a vehicle known as an automobile or Dodge coupe, the property of the said plaintiff, and in the charge of an employee of the plaintiff, was on the State Highway between Dover and Wilmington, which automobile *was then and there proceeding in a northerly direction on the said State Highway, which was common and public road or highway, and a vehicle known as a motor truck, the property of the defendant, and under the care, government and direction of a servant of the defendant who was then and there driving the same on the business of the defendant in an easterly direction, on a road intersecting the said State Highway, and was approaching the aforesaid automobile of the plaintiff from the left, came out on the said State Highway, to the left of the said automobile of the plaintiff,* at a point where no traffic officer was stationed, to wit, at or about a point known as Rangle Hill, to wit, on the day and year aforesaid, at New Castle County aforesaid, and the plaintiff saith that by reason of the premises, the said automobile of the plaintiff was entitled to the right of way; nevertheless, the said defendant then and there, by its said servant, so carelessly and improperly drove, governed and directed its motor truck aforesaid, that by and through the carelessness, negligence and improper conduct of the said defendant, by its said servant in that behalf, the said automobile of the plaintiff was not given the right of way, and the said motor truck of the said defendant then and there struck with great force and violence the said automobile of the plaintiff. * * *"

While the language of the second and third counts differs from that of the first count, it is practically the same with respect to the position of the cars at the time of the accident.

The plaintiff contends that under the laws of this State, he was entitled to the right of way over the operator or driver of a vehicle approaching the intersection from the left, and that he is not compelled to negative contributory negligence.

The statute upon which the plaintiff relies, being *chapter* 13, of *volume* 33, of the *Laws of Delaware*, provides as follows:

"The operator or driver of a vehicle upon any street, road or alley within this State shall have the right of way over the operator or driver of another vehicle which is approaching from the left on an intersecting street, road or alley; and shall give the right of way to an operator or driver of a vehicle approaching from the right on an interesecting street, road or alley."

A declaration is defined by Chitty to be "a specification in a methodical and legal form of the circumstances which constitute the plaintiff's cause of action." He further sets forth that such circumstances consist of the statement of a legal right and of an injury to such right. 1 *Chitty on Pleading, page* 240.

■ In the declaration which now demands our consideration, the plaintiff sets forth his right at the intersection over the defendant who was approaching said intersection from the left, and his injury to said right brought about by the defendant colliding with his automobile. Under the generally recognized rules of pleading, is he required to do more? The following quotation from Chitty seems to have direct bearing on the question now before the Court.

"Although any particular fact may be the gist of a party's case, and the statement of it is indispensable, it is still a most important principle of the law of pleading that in alleging the fact it is unnecessary to state such circumstances as merely tend to prove the truth of it. The dry allegation of the fact, without detailing a variety of minute circumstances which constitute the evidence of it, will suffice. The object of the pleadings is to arrive at a specific issue upon a given and material fact, and this is attained, although the evidence of such fact, to be laid before the jury, be not specifically developed in the pleading."

The plaintiff simply alleges that while his automobile was being driven in a northerly direction on the State Highway, it was run into and damaged by the defendant's motor truck which was being driven in an easterly direction, on a road intersecting the State Highway approaching his automobile from the left, and his superior right to that of the defendant at the intersection.

■ The relative positions of the two motor vehicles with respect to the intersection, prior to the accident, may be material evidence, to go to the jury under the pleadings upon which issue is finally joined, in considering whether the plaintiff was guilty of contributory negligence, but the plaintiff is not bound to allege it in his declaration.

The language used by the Court in the case of *Grant v. Marshall*, 2 *W. W. Harr.* (32 *Del.*) 239, 121 *A.* 664, was in its charge to the jury after it had heard all of the evidence produced at the trial relative to the accident, and could not have been intended to apply to the pleadings in similar cases. Likewise, the other cases cited by counsel for the defendant are distinguishable from the case now before the Court.

The demurrer is, therefore, overruled.