ANNA A. O'BRIEN, widow of Charles V. O'Brien, deceased, *v.* WILMINGTON PROVISION COMPANY, a corporation of the State of Delaware.

(*May* 22, 1929.)

PENNEWILL, C. J., HARRINGTON and RICHARDS, J. J., sitting.

*Charles F. Curley* for plaintiff.

*William Prickett* for defendant.

Superior Court for New Castle County, No. 125, March Term, 1929.

PENNEWILL, C. J., delivering the opinion of the court:

There can be no doubt about the rules of pleading applicable to this case. They have been stated in many cases in this State and perhaps never better than by Judge Woolley in *Campbell v. Walker*, 1 *Boyce* 580, 76 *A*. 475, 476,[1] in which he said, in part:

"* * * That while the plaintiff is not required to make a detailed and minute statement of the circumstances of the cause of action, he must nevertheless set forth in his declaration the facts upon which he bases his action, with a particularity and certainty that will reasonably inform the defendant what he proposes to prove at the trial, in order that the defendant may have a fair opportunity to meet and controvert those facts in defense. * * * The rules of pleading required that the time, place and circumstances of the matter in action, so far as relied on and within the knowledge of the party, must be specified with a fullness and fairness that will reasonably apprise the opposing party of what he is required to meet."

These are basic rules, recognized wherever common law pleading prevails. They need no elaboration and no citation of other authorities is required to support them.

The difficulty is not, in knowing the rules, but in applying them to the particular case.

It will be observed that the plaintiff is not required to set out in detail the circumstances of his cause of action; he is not compelled to plead his evidence or state facts that are within the knowledge of the plaintiff. While he may not state mere conclusions of fact or law, it is sufficient for the declaration to reasonably inform the defendant of the facts intended to be proved.

We will endeavor to apply those principles to the present case, avoiding technicalities so far as we may.

---

[1]For other more recent cases involving the sufficiency of declarations on demurrer, see *Silvia v. Scotten*, 1 *W. W. Harr.* (31 *Del.*) 292, 114 *A*. 206; *Kent County Motor Co. v. Pure Oil Co.*, 3 *W. W. Harr.* (33 *Del.*) 538, 140 *A*. 646.

The plaintiff, in the first count, has followed the language of the statute which provides that:

"No· person shall operate a motor vehicle upon any public street or highway of the state recklessly or at a rate of speed greater than is reasonable and proper, having regard to the width, traffic and use of the street or highway," etc. 33 *Del. Laws, c.* 10.

The second count, also, substantially, follows the provisions of the statute.

A count in the language of the statute, may not always be sufficient, but if it reasonably informs the defendant of what he will be required to meet at the trial it is sufficient. In *State v. Burris,* 6 *Boyce* 169, 97 *A.* 427, 428, it was said:

"But generally it is sufficient to charge an offense in the words of the statute, when the offense is thereby described with reasonable certainty."

This was approved in the *Kreuger* case, 1 *W. W. Harr.* (31 *Del.*) 118, 111 *A.* 614, 615, in which the court was likewise dealing with an indictment and not a declaration in a civil case. The indictment charged that the defendant "was engaged in the operation of a motor vehicle at an unreasonable rate of speed, to wit: at a rate of speed which then and there did endanger the safety of persons in or near said highway." It was held that the indictment did not sufficiently inform the defendant of the nature and cause of the accusation against him, because it failed to show the conditions that made the speed unreasonable.

There may not be any essential difference between a charge in an indictment and an allegation in a *narr* in respect to the particularity required, but it will be noted that the language used in the present case is different from that employed in the *Kreuger* case. In the latter it was a rate of speed that endangered the life of others on the highway; that was all. In the case before the court it was a greater rate of speed than was reasonable and proper having regard to the width of the highway and to the then use thereof. What does this mean? To what facts does it call the defendant's attention? 1. To the highway which was the Philadelphia Pike, known to be a much used thoroughfare; 2. To the width of the highway which the operator of a motor vehicle must observe; and 3. To the use of the highway in respect to traffic at

the time of the accident. And, moreover, the declaration shows that at the time a trolley car, and the deceased, trolley car conductor, were standing at a point about the center of the highway in front of Shellpot Park, the terminus of the run of the trolley car. The negligence alleged, therefore, is that because of such facts or conditions the rate of speed of defendant's motor truck was improper. If such facts should be proved at the trial, it would be for the jury to say whether the speed was improper or not. The question is, not whether a certain rate of speed is reasonable and proper, under any conditions, but whether the speed at which the defendant's truck was being run was reasonable and proper under the conditions stated by the plaintiff. The plaintiff is not required to state the rate of speed; he states the conditions existing at the time, so far as he is able, and charges that in view of those conditions the speed was not reasonable and proper. It will be for the jury to say whether the speed that is proved was reasonable and proper. The defendant should know at what speed the truck was running and be prepared to prove it. If the plaintiff fails to prove sufficient facts, including speed, to establish negligence on the part of the defendant, it will be her misfortune.

The following statement from *Chitty's Pleading, vol.* 1, 224, seems pertinent to the question under consideration:

"In alleging a fact it is unnecessary to state such circumstances as merely tend to prove the truth of it. The dry allegation of the fact, without detailing the variety of minute circumstances which constitute the evidence of it, will suffice. * * * Therefore, if the question be, whether wheat, after it had been cut, was suffered to lie on the ground an unreasonable time, it is sufficient to allege generally that such was the fact, without showing specifically how many days the corn remained on the ground, and what was the state of the weather during the period; although such matters may be material to the due consideration and decision of the question."

In the example referred to the fact averred was that the wheat was suffered to remain on the ground too long. So in the instant case, the fact alleged is that the rate of speed was not reasonable and proper under the existing conditions. The actual rate of speed would be evidence to support the allegation that it was improper, just as the time the wheat was suffered to remain on the ground would be evidence. In the recent unreported case of *Rothwell v.*

*Jefferis,* (*No.* 94, *September Term,* 1928), cited by the defendant as particularly in point and decided without opinion, the place of the accident was on Washington Street, where the traffic is not known to be unusual. The fifth count in that case was the only one demurred to. The allegation was that "the said motor vehicle was operated at a greater rate of speed than was reasonable and proper having regard to the width, traffic and use of said street, the intersection of streets and weather conditions, the weight of the vehicle and condition of its brakes, etc." The ground of demurrer was "that said count is not sufficiently specific in that it does not allege what were the conditions of said street as to width, traffic and use, or what was the weather conditions, the weight of the vehicle and the condition of its brakes, which made the speed in violation of law."

The question decided, therefore, in that case was, not that the rate of speed should have been alleged, but that the conditions which made the speed improper were not set out with sufficient particularity. We think they are sufficiently stated in the counts demurred to in the instant case because of the alleged facts which were not present in the *Rothwell-Jefferis* case, viz: The accident happened on a public highway on which traffic is well known to be exceptionally heavy; that a trolley car, and the deceased, were standing in the road when the motor truck of the defendant approached running downgrade to the terminus of the trolley car run.

In the second count there is the additional allegation that the speed was improper because of the weather condition, viz.: The then frosted and slippery condition of the highway.

There is also a demurrer filed by the plaintiff to defendant's special plea to the third, fourth and fifth counts of the declaration, and the Court are of the opinion that it should be sustained. The demurrer is based on two grounds: (1) The liability for compensation by the employer under the Act, alleged in the plea, is immaterial to the maintenance of the present action; and (2) the plea does not allege that the plaintiff has made any claim against the employer under the provisions of the Workmen's Compensation Act, nor that such employer has paid any compensation because of injuries to the deceased.

Section 131 of the Compensation Act (*chapter 233, vol. 29, Laws of Delaware*) provides that:

"Whenever an injury for which compensation is payable * * * shall have been sustained under circumstances creating in some other person than the employer, a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim compensation under this Article or obtain damages from, or proceed at law against such other person to recover damages, but he shall not proceed against both."

Under said section, the injured employee may at his option proceed against his employer for compensation under the act, or against the other person for damages. The plaintiff elected to proceed against the person liable other than the employer as he had a right to do.

The defendant relies on the remaining portion of section 131 which provides:

"The employer having paid the compensation or having become liable therefor, shall be subrogated to the rights of the injured employee, or of his dependents to recover damages against such third person."

Defendant does not claim that compensation has been paid by the employer for the injuries sustained by the employee, or that any claim has been made for compensation, but contends that the employer is "liable" therefor, and is, therefore, entitled to be subrogated to the rights of the dependents of the employee. We do not so construe the word "liable" in said section. There has been no determination or admission of his liability so far as the plea shows, and it cannot, therefore, be said the employer is liable within the meaning of the law. In the absence of some showing of liability the Court do not know whether the employer is liable or not.

Defendant's demurrer to the first and second counts is, therefore, overruled; and plaintiff's demurrer to defendant's special plea to certain counts is sustained.