## VIVA LYNAM v. LOUIS HASTINGS.

(May 15, 1936.)

LAYTON, C. J., and SPEAKMAN, J., sitting.

*Charles L. Terry, Jr.*, for plaintiff.

*William Prickett* for defendant.

Superior Court for Kent County, No. 10, February Term, 1936.

LAYTON, C. J., delivering the opinion of the Court:

The sufficiency of the first count of the declaration is questioned by demurrer. It is challenged in that the averment of negligence is a conclusion of fact; that the count is not sufficiently particular; that no causal connection is

shown between the negligence alleged and the resulting collision; and that it is double.

It appears from the first count that on June 10, 1935, in the nighttime, the plaintiff was a passenger in an automobile which was being driven in an easterly direction on a public highway of Kent county; that the defendant was driving an automobile in a westerly direction on the same highway; and that a collision occurred between the two automobiles.

The plaintiff charges that the defendant was at fault, for the reason that he "did then and there negligently, carelessly and recklessly and in violation of the statute of the state of Delaware, operate the said Chevrolet automobile at a rate of speed greater than was then and there reasonable and proper having regard to the width, traffic and use of the said state highway, the weather conditions, the weight of the said Chevrolet automobile, and the condition of the brakes of the said Chevrolet automobile so as to cause a collision between the said Chevrolet automobile and the said Studebaker sedan in which the plaintiff was riding, as aforesaid, whereby, and as a result of the negligence, carelessness and recklessness of the said defendant, as aforesaid, the Chevrolet automobile operated by the said defendant, as aforesaid, ran into and struck the said Studebaker sedan in which the plaintiff was riding."

The *first paragraph* of *Section* 83 of the *Motor Vehicle Law* (36 *Del. Laws, c.* 10) reads:

"No person shall operate a motor vehicle upon any public street or highway of the State recklessly or at a rate of speed greater than is reasonable and proper, having regard to the width, traffic and use of the street or highway, the intersection of streets or highways and weather conditions, the weight of the vehicle and the condition of its brakes, or so as to have caused a collision with the person or property of another, or so as to endanger the life or limb of another."

■ The pleader, evidently, has regarded the statute as descriptive of negligence, and has thought it sufficient to charge negligence in the language of the statute. This is the proper course where the statute describes the offense and reasonably informs the defendant of what he will be called upon to meet. There is no difference in this regard between civil and criminal pleading. But it is never sufficient to follow the language of the statute when the elements of the crime are not supplied by it, *State v. Donovan,* 5 *Boyce* (28 *Del.*) 40, 90 A. 220, *State v. Kreuger,* 1 *W. W. Harr.* (31 *Del.*) 118, 118 A. 614; *State v. Burris,* 6 *Boyce* (29 *Del.*) 166, 169, 97 A. 427; nor is it sufficient in civil pleading where the language of the statute does not reasonably inform the defendant of what he will be required to meet at the trial, *O'Brien v. Wilmington Provision Co.,* 4 *W. W. Harr.* (34 *Del.*) 214, 148 A. 294.

■ The statute in question was not intended to be descriptive of specific acts of negligence. It is but declaratory of the duty of an operator of a motor vehicle on a public highway to exercise such care and caution as the circumstances reasonably require. *Lockerman v. Hurlock,* 2 *W. W. Harr.* (32 *Del.*) 479, 125 A. 482.

■ The defendant here is charged with having driven an automobile at an unreasonable and improper rate of speed because of certain conditions then existing, but the conditions or circumstances which caused the speed to be unreasonable are not alleged. The defendant, therefore, is not informed of the precise nature of the negligence against which, at the trial, he must defend. All he knows is that he is charged with having driven his automobile at an unreasonable speed because of a number of conditions, none of which has been described. There is not only no precise and certain averment of negligence, but there are, combined in one count, a number of possible negligences,

dependent upon which unexplained condition, or combination of conditions, served to make the speed unreasonable.

The rate of speed may have been unreasonable because of the narrowness of the roadway at the place in question, or because of the presence of other vehicles on the highway, or on intersecting highways at the time and place, or because of the slippery condition of the highway, or because of fog, or because the automobile was equipped with insufficient brakes, or because they had been allowed to become defective, or because of a combination of some of these factors which, operating together, may have caused the speed to be unreasonable; but whatever the condition or conditions may have been they should be alleged with reasonable particularity and certainty. *Campbell v. Walker*, 1 *Boyce* (24 *Del.*) 580, 76 *A.* 475.

The question is not whether a certain rate of speed is reasonable and proper under any circumstances, but whether the speed at which the defendant drove his automobile was reasonable at the time, place, and in the circumstances as alleged. Unless the pleader alleges and describes with reasonable particularity the existing conditions and circumstances, the allegation of unreasonable speed is no more than a conclusion.

Nor is a defendant informed of what he will be called upon to meet when he is charged with having driven a motor vehicle so as to have caused a collision with the person or property of another, or so as to have endangered the life or limb of another. Facts and circumstances constituting negligent conduct resulting in injury must be alleged.

This count lacks particularity and certainty.

The demurrer is sustained.