THE STATE OF DELAWARE V. CHARLES CLARENCE ALLEN.

(*March* 7, 1955.)

RICHARDS, P. J., sitting.

*Frank O'Donnell* and *Ralph W. Baker*, Deputies Attorney-General, for the State.

*Robert W. Tunnell* (of Tunnell and Tunnell) for the defendant.

Superior Court for Sussex County, Indictment No. 12, October Term, 1954.

RICHARDS, P. J.:

The indictment charges in the first instance that, "Charles Clarence Allen on the 8th day of August, 1954, in the County of Sussex drove an automobile on the public highway known as State Highway Route 30, with a reckless disregard of the safety of persons on said highway, in that".

This is followed by seven counts each of which charges a specific violation of law; all but one of which, namely the first, being the violation of a statute specified therein.

The indictment concludes with the following paragraph; "As a result of which the automobile driven by Charles Clarence Allen struck a motor vehicle being operated by one Richard Garrison Booth, causing said vehicle to overturn and to catch on fire as a result of which one James Christopher McPhail, a minor of the age of 17 months, was entrapped in said automobile and was burned to death."

 Count one charges that, "he failed to maintain a proper lookout". It is not contended this offense is the violation of a statute, but it is a well settled principle of law that an operator of a motor vehicle on a public highway shall maintain constantly a proper lookout for the presence of other vehicles or persons who may be using such highway. The duty to look implies the duty to see that which is plainly visible, unless some reasonable explanation for not seeing is given. *State v. Elliott,* 1 *Terry* 250, 8 *A.* 2d 873.

The contention is made however, that the count does not sufficiently state the facts in connection with defendant's failure to maintain a proper lookout and the attendant circumstances.

■ Under the provisions of Chapter 239, of Volume 34 of the *Laws of Delaware,* it is not necessary to the validity or sufficiency of an indictment that it comply with, or conform to, the requirements or precedents of the common law or existing statute law. It is sufficient if it contains a plain statement of the elements of the crime, in simple and non-technical language, which will fully inform the defendant of the nature and cause of the accusation against him.

■ The time and place where the defendant failed to keep a proper lookout, and the resulting damage to the automobile of Richard Garrison Booth and death of James Christopher McPhail clearly appears.

A person operating a motor vehicle on the public highway is required to keep a proper lookout all the time and under all conditions. The degree of care required of him for that purpose is the same under all circumstances. The duty to keep a proper lookout applies to all conditions which might arise. *State v. Kreuger,* 1 *W. W. Harr.* 118, 111 *A.* 614. The allegations of the first count are sufficient.

The third count states, "He drove the motor vehicle in wilful or wanton disregard for the safety of persons or property, in violation of 21 *Del. C.,* Sec. 4123". This count is in the words of the statute unaccompanied by a statement of the acts relied on as constituting the offense.

■■ There is no doubt that an indictment for a statutory offense is generally held to be sufficient if the offense is charged substantially in the words of the statute, or in equivalent language. This rule has no application, however, where the words of the statute do not in themselves fully and expressly, without uncertainty or ambiguity set forth all the elements necessary to constitute the offense intended to be punished. The accused is

entitled to be informed of the offense which he is charged with having committed, in such language as will enable him to prepare his defense or plead his conviction or acquittal as a bar to a later prosecution for the same offense. *Evans v. United States,* 153 *U. S.* 584, 14 *S. Ct.* 934, 38 *L. Ed.* 830; *Id.,* 153 *U. S.* 608, 14 *S. Ct.* 939, 38 *L. Ed.* 839; *State v. Lassotovitch,* 162 *Md.* 147, 159 *A.* 362, 81 *A. L. R.* 69; *People v. Green,* 368 *Ill.* 242, 13 *N. E.* 2d 278, 115 *A. L. R.* 348; *State v. Moran,* 99 *Conn.* 115, 121 *A.* 277, 36 *A. L. R.* 862. This principle has been accepted by the following decisions in this State: *State v. Donovan,* 5 *Boyce* 40, 90 *A.* 220; *State v. Burris,* 6 *Boyce* 166, 97 *A.* 427; *State v. Kreuger,* 1 *W. W. Harr.* 118, 111 *A.* 614; *State v. Morrow,* 1 *Terry* 363, 10 *A.* 2d 530; *State v. Boyle,* 5 *Terry* 414, 61 *A.* 2d 121.

Section 7 of Article 1 of our Constitution, *D. C. Ann.,* provides that the accused has a right to be "plainly and fully informed of the nature and cause of the accusation against him".

▊ In order to give the defendant the information needed to enable him to properly prepare his defense, the count should set forth facts concerning the conditions existing at the time of the accident, or acts of the accused, showing that he drove the automobile at the time in question in wilful or wanton disregard for the safety of persons or property.

▊ The fourth count charges, "He drove the motor vehicle at a speed greater than was reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing".

This count is in the language of the first sentence of Section 4125(a) of Title 21, of the *Code of* 1953, and is subject to the same objection which I pointed out in considering count three. It fails to set forth the conditions and actual or potential hazards existing at the time of the accident. As I have already said, this is necessary in order to fully inform the accused of the offense with which he is charged. The case of *State v. Kreuger, supra,* is particularly applicable to this count. The motion to strike the third and fourth counts of the indictment is granted.

The sixth count is in substantially the language of the second sentence of Section 4125(a), of Title 21, of the *Code of* 1953 and reads: "He failed to control his speed as was necessary to avoid colliding with another vehicle on the highway".

I find this count in the same category with the first count which I have already considered. Just as the operator of a motor vehicle on the public highway is required to keep a proper lookout all the time and under all conditions, such an operator is likewise required to control his speed all the time and under all conditions, in such manner as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.

The motion to strike the first and sixth counts is denied.

The motion to strike the third and fourth counts is granted.