**Anthony HAZZARD, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted on Briefs: Dec. 13, 1982.

Decided: Jan. 21, 1983.

---

Karl Haller, Asst. Public Defender, Georgetown, for defendant below, appellant.

John M. Sandy, Deputy Atty. Gen., Georgetown, for plaintiff below, appellee.

Before HERRMANN, C.J., McNEILLY and MOORE, JJ.

PER CURIAM:

Following a Superior Court bench trial defendant, Anthony Hazzard, was found guilty of vehicular homicide in the second degree and sentenced to three years' incarceration and a Five Hundred Dollar fine. Both the term of imprisonment and fine were suspended for three years' probation. Defendant appeals this conviction.

Defendant's first contention in support of his appeal is that the Trial Judge's statement that defendant's "conduct was inadvertent and personally negligent" indicates that the State proved only simple negligence and not the requisite criminal negligence. This argument is without merit.

Our review of the record indicates that the comment "inadvertent and personally negligent" went not to the ruling on the defendant's guilt, but to the Trial Judge's rejection of the State's theory that the defendant actually saw the victim's automobile, disregarded the risk and tried to "beat him across" the intersection. Indeed the record is clear that defendant's actions were criminally negligent. The defendant approached an intersection of a four lane highway in broad daylight on a clear day. The intersection was controlled by both a stop sign and a flashing red light. After stopping and failing to see the victim's automobile the defendant entered the intersection and a collision ensued. The failure to see an oncoming automobile, at an unobstructed intersection controlled by both a stop sign and flashing red light, in broad day light constitutes criminal negligence. *See State v. Elliott*, Del. O. & T., 8 A.2d 873 (1939).

Defendant's second contention is that since the victim was negligent by driving 52 miles per hour in a 50 mile an hour zone this diminishes defendant's responsibil-

ity as to the legal cause of the accident. This argument is also without merit.

While the victim's contributory negligence is not a defense in this criminal action against defendant, it is an element of evidence to be considered by the Trial Court in determining causation. *State v. Kellow,* N.J.Supr., 136 N.J.Law. 1, 53 A.2d 796, affirmed, 136 N.J.Law 633, 57 A.2d 369 (1948). Since then it is a matter of the sufficiency of the evidence as opposed to a tenet of law, our function on review is to determine whether after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential element of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 2783, 61 L.Ed.2d 560 (1979). Here there is ample evidence to support the verdict in that the victim could not have missed the defendant even if he had been within the legal speed limit since the defendant pulled into the intersection when the victim was only 65 feet from it.

For the above reasons the judgment of the Superior Court is AFFIRMED.