State *v.* Kennon.

THE STATE, Appellant, *vs.* KENNON, Respondent.

1. Under the second section of the act concerning "lotteries," (R. C. 1845,) an indictment which charges the defendant with selling "tickets in a device in the nature of a lottery, called a raffle," is sufficient. It is not necessary that the words "lottery ticket" should be used.

*Appeal from St. Louis Criminal Court.*

The indictment, which was quashed by the court below, is set out in the opinion of Judge Ryland.

*H. A. Clover,* for the State.

*Cline & Jamison,* for respondent.

RYLAND, Judge, delivered the opinion of the court.

The question here involves the sufficiency of the indictment. This indictment is as follows :

" State of Missouri, county of St. Louis. St. Louis Criminal Court—January term, 1854. The grand jurors, &c., upon their oath present, that Frederick A. Kennon, late, &c., on, &c., at, &c., unlawfully did sell divers, to-wit, ten tickets in a certain device in the nature of a lottery, called a raffle, to certain persons to the jurors aforesaid unknown, for the price and sum of three dollars for each of said tickets, and which said raffle was then and there created for the purpose of disposing of a farm of land, a piano, and divers other property, the description of which is unknown to the jurors," &c.

The defendant appeared and moved to quash the indictment, because it contains no offence under the statute ; 2d, because the statute makes it penal to sell "lottery tickets" in any lottery or device in the nature of a lottery, and the indictment charges the defendant with " selling tickets" and not " lottery tickets," and is therefore defective and void. The Criminal Court sustained the motion, quashed the indictment, and the circuit attorney excepted, and brings the case here by appeal.

The indictment is found upon the following section of the statute of 1845, concerning lotteries :

" Sec. 2. Any person who shall sell or expose to sale, or cause to be sold, or expose to sale, or shall keep on hand for the purpose of sale, or shall advertise or cause to be advertised for sale, or shall aid or assist, or be in any wise concerned in the sale or exposure to sale of any lottery ticket or tickets, or any share or part of any lottery ticket in any lottery, or device in'the nature of a lottery, within this state, &c., being convicted thereof shall pay," &c.

The indictment charges the sale of " tickets in a certain device in the nature of a lottery, called a raffle." The defendant's counsel insists that the offence is not properly charged ; it consists of the sale of " lottery tickets," in a device in the nature of a lottery, and not " tickets" in such device, and for this defect, that the motion to quash was well sustained.

The circuit attorney, on the contrary, maintains that the charge is sufficient, and is properly set forth ; that to say " lottery tickets" in a certain device in the nature of a lottery, would *ex vi termini,* be absurd ; such tickets could be only *tickets in a device in the nature of a lottery, and not lottery tickets.*

We do not feel disposed to give countenance to nice, critical, verbal distinctions in construing statutes to suppress vice and immorality. Substantial descriptions of the offence making the misdemeanor, in the manner it is created by statute, will answer. Where the proof can sustain the sale of tickets in a lottery, it would be best to charge, nay, necessary to charge the sale to be of " lottery tickets ;" but where the *device is one in the nature of a lottery*, it is proper to describe the tickets not as being " lottery tickets," which, literally, they are not, but as " tickets in a device in the nature of a lottery." Whether a raffle be such a device depends upon what constitutes and makes it. Mr. Webster defines the word raffle, when used as a verb, to mean " to cast dice for a prize, for which each person concerned in the game lays down a stake, or

hazards a part of the value, as to raffle for a watch." Word used as a noun to mean, " a game of chance, or lottery, in which several persons deposit a part of the value of the thing, in consideration of the chance of gaining it. The successful thrower of the dice takes or sweeps the whole."

In South Carolina it was held, contrary to the opinions of Judges Nott and Cheves, that a raffle of watches or other articles is not a lottery, in the sense of the act of 1762, and an indictment will not lie under that act. That act is as follows : " Whereas, many persons have presumed to set up lotteries under the denomination of sales of houses, lands, plate, jewels, goods, wares, merchandise and other things by chances, which practices are highly prejudicial to the public and to the trade of the province, and tend to defraud his majesty's subjects ; therefore, be it enacted, that all and every person or persons whatsoever, who, at any time after the passing of this act, shall publicly or privately erect, set up, or expose, to be played, drawn or thrown at, or shall cause or procure to be erected, set up, exposed, to be played, drawn or thrown at, any lottery, under the denomination of sales of houses, lands, plate, jewels, goods, wares, merchandise or other things whatsoever, or for money, or by any undertaking whatsoever, in the nature of a lottery, by way of chances, either by dice, lots, cards, balls, numbers, figures or tickets ;" and, after enumerating other offences, concludes with imposing a penalty of £1000 proclamation money. Here the expression, " any undertaking whatsoever in the nature of a lottery," appears equally as broad as ours : " any lottery or device in the nature of a lottery." I think the majority of the court in South Carolina were too rigid in their construction of their statute, and that Justices Nott and Cheves held the better opinion.

In our opinion, then, the court erred in quashing this indictment ; its judgment is therefore reversed, and the cause remanded ; and the point, as to whether a raffle be in the meaning of our statute, is left to be raised in the court below upon the facts as they turn out in proof. The other judges concur.