### COMMONWEALTH *v.* G. COYLE.

Indictment—Selling Lottery Tickets—Certainty.

The charge in the indictment is that the defendant "did unlawfully sell, a lottery ticket, a writing purporting to entitle the holder to a prize to be drawn in a lotery in the State of Kentucky." Held, That the allegations are too general and wholly fails to give the defendant notice with sufficient certainty of the particular offense, for which he was to be tried, so as to enable him to prepare his defense, nor would a judgment in the case be a bar to a future prosecution for the same offense.

APPEAL FROM JEFFERSON CIRCUIT COURT.

January 9, 1872.

OPINION OF THE COURT BY JUDGE PETERS:

The charge in the indictment in this case is that the defendant "did unlawfully sell a lottery ticket, a writing purporting to entitle the holder to a prize to be drawn in a lottery in the State of Kentucky, contrary," etc. This certainly is too general, and wholly fails to give the defendant notice with sufficient certainty of the particular offense, for which he was to be tried, nor would a judgment in the case be a bar to a future prosecution for the same offense. He might be prepared to show by proof that he did sell a ticket in a lottery authorized by law, and that he had a right to sell the ticket, but under this indictment appellant could show that he sold a ticket in another lottery, which he might also have been able to prove he had a right to sell if he had been apprised that he was to have been tried for that offense. The demurrer was, therefore, properly sustained and the judgment must be *affirmed*.

*Bramblette, Durrett & Briggs, for appellant.*
*Bullitt, for appellee.*