# FALL SESSIONS,
# 1903.

## STATE vs. ANNIE WALLS.

*Criminal Law—Lottery Policy Writing—Pleading—Promise Made How Proved—Policy Slips—Number on Slip—How Proved—Evidence—Conflict of Testimony—Reasonable Doubt.*

1. In an indictment under the statute for being concerned in interest in lottery policy writing, it is not sufficient to aver that the defendant " unlawfully was concerned in interest in lottery policy writing ; against the form of an act," etc. Where the crime embraces a number of elemements, those elements must be specified in order to advise the defendant specifically of what he is to meet.

2. In the trial upon such indictment it is not necessary for the State to prove that the promise alleged to have been made was a distinct and specific promise independent of the policy slip, and of any promise that might be implied from the conduct of the parties ; but if it be shown that the defendant, in return for money paid to her, gave or furnished to the party with whom she was dealing a paper known as a policy slip, a paper containing particular numbers, which would entitle such party, upon the happening of a certain contingency in the nature of a lottery, to receive money, there would be a promise within the meaning and contemplation of the statute.

3. Although it is incumbent upon the State to show that the policy slip conained certain particular numbers, it is not necessary for the State to prove what those particular numbers were.

*(September 22, 1903.)*

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*Herbert H. Ward*, Attorney-General, for the State.

*J. Frank Ball* for the defendant.

Court of General Sessions, New Castle County, September Term, 1903.

INDICTMENT FOR LOTTERY POLICY WRITING (No. 52, May Term, 1903).

PENNEWILL, J., charging the jury :

Gentlemen of the jury :—The first count of this indictment against Annie Walls, the defendant, charges her with being concerned in interest in lottery policy writing generally. ˙The Court ordered that count stricken out as being too general, and, therefore, you have nothing whatever to do with said count.

*State vs. McDowell, 1 Pennewill, 2.*

The remaining four counts stand, and it is upon these that the defendant is being tried.

In the first of these counts the defendant is charged with being concerned in interest in disposing of certain lottery to one Catharine Johnson, by which she promised that certain particular numbers should, on the happening of a certain contingency in the nature of a lottery, entitle the said Catharine Johnson to receive money. The next count charges that she was concerned in interest in disposing of certain lottery policy to one Catharine Johnson by which certain persons unknown promised that certain particular numbers should, on the happening of a certain contingency in the nature of a lottery, entitle the said Catharine Johnson to receive money. The next count charges that the said Annie Walls was concerned in interest in disposing of certain numbers to one Catharine Johnson, by which she promised that certain particular numbers should, on the happening of a certain contingency in the nature of a lottery, entitle Catharine Johnson to receive money. The remaining count charges that the defendant was concerned in interest in disposing of certain numbers to one Catharine Johnson, by which certain persons unknown promised that the said particular numbers should, on the happening of a certain contingency in the nature of a lottery, entitle the said Catharine Johnson to receive money.

You will observe that in each of these counts it is averred

that Catharine Johnson was promised that certain particular numbers should, on the happening of a certain contingency in the nature of a lottery, entitle her to receive money.

We have been asked by counsel for defendant to charge you that it is necessary for the State to show that such promise was a distinct and specific promise, independent of the policy slip, and independent of any promise that might be implied from the conduct of the parties. We cannot so charge you; but, on the contrary, we say to you that if the evidence should show, to your satisfaction, that the defendant, Annie Walls, in return for money which Catharine Johnson paid to her, gave or furnished to Catharine Johnson a paper known as a policy slip, a paper containing particular numbers, which would entitle Catharine Johnson, upon the happening of a certain contingency in the nature of a lottery, to receive money; there was a promise within the meaning and contemplation of the statute. And we further say that although it is necessary that the State should show that the said policy slip, alleged to have been furnished to Catharine Johnson, contained certain particular numbers, it is not incumbent upon the State to prove what those particular numbers were.

This case, after all, consists largely of questions of fact, which are for your determination alone. You are also the judges of the credibility of witnesses. In any case where there is a conflict of testimony, it is the duty of the jury to reconcile such conflict if they can. If they cannot, it is their duty to give credit to such witness or witnesses which they believe, under all the facts and circumstances shown by the testimony, to be most entitled to belief.

If you believe from the evidence in this case that the defendant, Annie Walls, did commit the offenses alleged in the four counts above referred to, or any one of them, it would be your duty to render a verdict of guilty. But if you should not so believe, or if you should entertain a reasonable doubt of her guilt, that is, such a doubt as reasonable and fair-minded men, after care-

fully and conscientiously considering all the testimony in the case would entertain, it would be your duty to render a verdict of not guilty.

Verdict, not guilty.