STATE *v.* ROBERT WILLIAMS.

November Term, 1935.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON and SHERBURNE, JJ.

Opinion filed January 7, 1936.

8

*P. C. Warner* for the respondent.

*John H. Webster*, State's attorney, for the State.

SLACK, J. The respondent is charged with violating P. L. 8685 which, as far as here material, provides: "A person who sells a lottery ticket or an interest therein, or a paper purporting to be a lottery ticket or an interest therein, * * * or acts as a broker or agent in buying, selling or procuring to be bought or sold or disposed of in any way such ticket or interest therein, * * * shall be fined not more than three hundred dollars." The complaint contains nine counts. The respondent demurred to each count; the demurrer was overruled subject to his exceptions, and the case was passed to this Court before final judgment as provided by P. L. 2072.

Count 1 of the complaint charges that respondent "a lottery ticket, to wit, a ticket commonly known as a nigger pool ticket, did sell to one Robert Sullivan."

Count 2 charges that respondent "did sell a paper purporting to be a lottery ticket, to wit, a paper purporting to be a ticket commonly known as a nigger pool ticket to one Robert Sullivan."

Count 3 charges that respondent "did sell a lottery ticket, to wit, a ticket commonly known as a nigger pool ticket to one Bernard Dussault."

Count 5 charges that respondent acting as agent for one Wersebe did sell lottery ticket, of the same tenor as the one described in count 3, to one Dussault.

Counts 4, 7 and 9 are in substance like count 2, and counts 6 and 8 are in substance like count 3.

The respondent's contention is that neither the lottery, tickets of which it is alleged that he sold, nor the tickets themselves are sufficiently described to apprise him of the charge he is called upon to answer. He says, "Every ingredient of which the offense is composed must be accurately and clearly alleged in the indictment." Generally speaking, this is true. *State* v. *Caplan,* 100 Vt. 140, 150, 135 Atl. 705, and cases cited. He says, too, "What facts and circumstances are necessary to be stated must be determined by reference to the definitions and the essentials of the specific crimes." This, too, is true. But the word "lottery" has no technical meaning distinct from its popular signification, and may be defined as a scheme whereby one or more prizes are distributed by chance among persons who have paid or promised a consideration for a chance to win them. 38 C. J. 286; Webster's New International Dictionary, 2nd ed. Although there are a few cases to the contrary (see *Comm.* v. *Coyle,* 4 Ky. Op. 652; *State* v. *Doughtery,* 4 Or. 200; *Whitney* v. *State,* 10 Ind. 404; *State* v. *Kennon,* 21 Mo. 262; and *People* v. *Taylor,* 3 Denio (N. Y.) 91, where it was held necessary to specify the purpose of the lottery because that was part of the statutory description of the offense), the rule that in states where no lottery is authorized, as in Vermont, it is not necessary to describe the lottery or ticket in the indictment or information, is supported by the great weight of authority. 38 C. J. 313, § 58. Among the cases that so hold are *Comm.* v. *Johnson,* Thacher Cr. Cas. (Mass.) 284; *Comm.* v. *Clapp,* 5 Pick. (Mass.) 41; *Comm.* v. *Hooper,* 5 Pick. (Mass.) 42; *Comm.* v. *Horton,* 2 Gray (Mass.) 69; *State* v. *Follet,* 6 N. H. 53; *France* v. *State,* 6 Baxt. (Tenn.) 478; *State* v. *Bove,* 98 N. J. Law, 350, 116 Atl. 766, affirmed 98 N. J. Law, 576, 119 Atl. 926. The last case was decided in 1922 and presented, among others, the question under consideration in the instant case. Regarding it, the Supreme Court said: "The next point is that the indictment fails to charge a crime because it merely uses the phrase 'lottery tickets,' but we think this objection is quite unsubstantial. The language of the statute, as we have seen, is 'Any ticket or tickets or any share or interest in any ticket or tickets in any lottery,' and the meaning of the phrase 'lottery tickets' is quite

10

well enough understood to indicate that the tickets were of a character within the fifty-seven section." This, as has been seen, was affirmed by the Court of Errors and Appeals. See, too, what is said in *France* v. *State, supra.* See, also, *Comm.* v. *Bull,* 13 Bush (Ky.) 656, and *Miller* v. *Comm.,* 13 Bush (Ky.) 731. Tested by this rule all counts of the complaint are held sufficient.

*Judgment overruling the demurrer affirmed, and cause remanded.*