STATE OF DELAWARE V. MARY MARTIN.

(*August* 1, 1960.)

BRAMHALL, JUSTICE, sitting by special appointment of the Chief Justice.

*Charles L. Paruszewski*, Deputy Attorney-General, for the State.

*John M. Bader* for defendant.

Superior Court for New Castle County, No. 101, Cr. A., 1960.

BRAMHALL, J.:

Defendant was arrested by the Wilmington City Police upon the charge of being concerned in interest in a lottery policy writing. She was found guilty in the Municipal Court and appealed to the Superior Court. Defendant filed a motion to dismiss in the Superior Court on the ground that the Information did not plainly and fully inform defendant of the nature of the charge against her.

As I understand defendant's motion, she contends that the Information fails to set forth the different elements of the offense with which she is charged. She states that, the word "lottery" being a generic term, the State should have alleged the particular kind of lottery, such as a policy lottery or a numbers lottery, which she was accused of promoting.

In the Information filed, the body of the charge is set forth as follows:

"Mary E. Martin on the 13th day of January, 1960, in the County of New Castle did unlawfully concern herself in interest in lottery policy in that she was concerned in interest in selling and disposing of lottery policies, to wit: numbers, or a series of figures, by which it was promised and guaranteed that those particular policies, to wit: numbers or a series of figures would in the event or on the happening of any contingency in the nature of a lottery, entitle the purchaser or the holder to receive

a sum of money in excess of the sum paid by said holder, contrary to Title 11, Section 662 of the *Delaware Code of* 1953."

It will be noted that the charge was set forth substantially in the language of the Act. An indictment for a statutory offense is generally held to be sufficient when the offense is charged substantially in the language of the statute unless the statute itself fails clearly to set forth all the elements necessary to constitute the offense. *State v. Allen,* 10 *Terry* 150, 112 *A.* 2d 40.

It is a requisite of every indictment or information that it shall allege such facts in connection with the commission of the crime as will put the accused on full notice of what he or she is called upon to defend and will bar effectively a subsequent prosecution for the same offense. In recent years courts have disregarded the common law requirements that indictments and informations be certain in every particular and have veered to the position of disregarding extremely technical rules and requiring only that an indictment or information shall fully allege the essential elements of the crime charged. *State v. Morrow,* 1 *Terry* 363, 10 *A.* 2d 530; *State v. Allen, supra.* Rule 7(c) of the Superior Court, *Del. C. Ann.* is in line with this trend. It provides:

"The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged * * *. It need not contain a formal commencement, a formal conclusion or any other matter not necessary to such statement * * *."

I think that the Information is sufficient. The essential elements of a lottery—the distribution of money or prizes, by chance, for a consideration—are present. See *Affiliated Enterprises v. Waller,* 1 *Terry* 28, 5 *A.* 2d 257. The offense charged is set forth sufficiently to inform the defendant of the nature of the charge. The particular acts done or the methods resorted to in order to induce persons to take chances or to purchase tickets need not be set forth. See cases cited in 54 *C. J. S. Lotteries* § 25,

notes 38 & 39. Nor was it necessary to set forth the particular scheme of lottery. *Shelton v. State,* 198 *Md.* 405, 84 *A.* 2d 76; *State v. Williams,* 108 *Vt.* 7, 182 *A.* 202.

It was not necessary to allege a sale and transfer of policy slips or tickets; it was necessary only to allege generally that defendant was "concerned" in selling and transferring them. *State v. Del Vecchio,* 145 *Conn.* 549, 145 *A.* 2d 199. Defendant is not charged in the Information with the actual sale of policy slips; she is charged with being "concerned in interest" in such sales. One is concerned in a matter when he has some connection with it, when it affects his interests or otherwise involves him. Webster's International Dictionary, Second Edition. Obviously, the intent expressed in the statute is to make anyone who participates, is involved or has an interest, in the acts prohibited subject to the penalties set forth therein.

The cases of *State v. McDowell,* 1 *Penn.* 2, 39 *A.* 454, and *State v. Walls,* 4 *Penn.* 408, 56 *A.* 111, cited by defendant, are not in conflict. In each of these cases the defendant was charged under the same statute involved here with unlawfully being "concerned in interest in lottery policy writing", without setting forth in the indictment in what respect defendant was so concerned. Here the "concern and interest" of defendant was set forth as selling and disposing of numbers or series of figures based upon a promise that in the event of "the happening of any contingency in the nature of a lottery, the purchaser or the holder thereof would be entitled to receive a sum of money in excess of the sum paid by said holder * * *."

The motion to dismiss is denied.