GRACE HOLLAND, Appellant, v. THE STATE OF DELAWARE, Appellee.

(*September* 17, 1963.)

TERRY, C. J., WOLCOTT and CAREY, J. J., sitting.

*Oliver V. Suddard* and *Richard Allen Paul* for Appellant.

*Thomas Herlihy, III,* Deputy Attorney-General, for the State.

Supreme Court of the State of Delaware, No. 33, 1963.

WOLCOTT, Justice.

This is an appeal from a conviction in the Superior Court for selling alcoholic liquor without a license. The defendant having been convicted of a similar charge in the Municipal Court, appealed that conviction to the Superior Court where, in accordance with the practice in that court on appeal, a new information was filed against her. This information is as follows:

"The Attorney General of the State of Delaware on the 27th day of February, 1962, information makes that GRACE HOLLAND did commit a misdemeanor:

"GRACE HOLLAND on the 22nd day of November, 1961, in the County of New Castle did sell alcoholic liquor, to wit: six (6) 12 ounce cans of Schaefer Beer, to one Ralph Pryor, at 206 E. 6th Street, Wilmington, Delaware, the said Grace Holland not being the holder of a license to that effect still in force,

"contrary to Title 4, Section 901(4) of the Delaware Code of 1953."

The defendant moved to dismiss the information. This motion was denied and, after trial, the defendant was found guilty.

On this appeal the sole question raised is the sufficiency of the information, it being argued that since facts are not alleged to negate an exception in the cited Code section, it is insufficient as a matter of law.

4 *Del. C.* § 901(4) provides that whoever "[n]ot being the holder of a proper and valid license, or not being so authorized by this title, sells any alcoholic liquor in this State" shall be guilty of a misdemeanor.

The appellant argues that since the information fails to allege that the appellant was not otherwise authorized by the particular title of the Code to sell alcoholic liquor, it is insufficient in law.

The nice and precise requirements of pleading in a common law indictment or information are no longer required in this State. It is now sufficient if an indictment or information alleges facts concerning the commission of the crime charged to an extent sufficient to put the accused on full notice of what he is charged with, and of what he will be called upon to defend, and if it will act as an effective bar to subsequent prosecution for the same offense. An information or indictment is sufficient if it fulfills the basic purpose of enabling the defendant to adequately prepare his defense and protect himself against double jeopardy. *State v. Blendt,* 10 Terry 528, 120 A.2d 321; *State v. Allen,* 10 Terry 150, 172 A.2d 40, and *State v. Martin,* 2 Storey 561, 163 A.2d 256.

The information in this case fulfills this function. It informs the defendant that she is charged with having sold a specific amount of beer to a specific individual at a specific location on a specific date, and that she did not have at that time a license to do so, all of which was contrary to the provisions of 4 *Del. C.* § 901(4).

If it be necessary to inform the defendant that she was not otherwise authorized to sell alcoholic liquor, the reference to the Code section containing that exception was sufficient to put her on notice of that fact. Whether, therefore, the so-called exception in the statute is surplusage as held by the court below, or whether the State

is required to negate that exception, is immaterial since, in either case, the information sufficiently informs the defendant of the crime with which she is charged.

For the foregoing reasons, the conviction below is affirmed.