**Norman MORROW, Appellant,**

v.

**STATE of Delaware, Appellee.**

Supreme Court of Delaware.

Jan. 26, 1973.

James J. Horgan of Wilmington for appellant.

Daniel F. Wolcott, Jr., Deputy Atty. Gen., for appellee.

Before CAREY and HERRMANN, JJ., and MARVEL, Vice Chancellor.

MARVEL, Vice Chancellor:

Defendant appeals from his conviction below by a judge of the Superior Court of the offense of operating a motor vehicle while under the influence of intoxicating liquor in violation of the provisions of 21 Del.C. § 4176(a).

On the evening of November 4, 1971, while a Mrs. Carol Griffith was driving her motor vehicle in a southerly direction in the middle of the southbound lane of I–95 near Newark, she observed a car driven by a person, who later proved to be the de-

fendant, proceeding in a northerly direction on the easterly side of the southbound lane of such divided interstate highway. Defendant's car then swerved left towards the middle section of the road on which Mrs. Griffith was driving, narrowly missing her motor vehicle, and thereafter proceeded to the far westerly side of I-95, where it collided with another car which was proceeding south in the same lane. Mrs. Griffith immediately called her husband at their home on a two way radio installed in her car. He thereupon called the State Police concerning the accident in question. At 8:49 p. m. Trooper Michael D. Ogden of the Delaware State Police was assigned to investigate the reported accident. He arrived at the scene within five or six minutes of his assignment and proceeded to assist in aiding the injured, including defendant, in the two vehicles involved. While attempting to administer first aid to the defendant, Trooper Ogden detected a very strong odor of an intoxicating beverage. He then radioed for the dispatch of ambulances for the injured. The defendant, who appeared to Trooper Ogden to be rather seriously injured, was placed in an ambulance and taken to the nearest hospital facility, namely the emergency room of the Possum Park Professional Center near Newark. Trooper Ogden thereupon drove to such medical center in his police car and then and there placed the defendant under arrest. He next directed that a blood sample be taken from defendant by a nurse or technician under the implied consent provisions of 21 Del.C. § 2740 and § 2740G, and the directives of 21 Del.C. § 2740F. Such sample was duly taken by a registered nurse within the time [1] fixed by the statute after she had used a non-alcoholic sterilizing agent on the part of defendant's arm in which the needle of a blood letting syringe was inserted. An analysis of such blood sample was later found to establish an alcoholic content of .192%, guilt arising under the terms of the statute (21 Del.C. § 4176(a)) on a finding of blood alcohol concentration by weight of .100%.

Title 21 Del.C. § 701(b) provides as follows:

"Any police officer authorized to arrest without warrant under subsection (a), of this section, is further authorized at the scene of a motor vehicle accident, upon reasonable and probable cause to believe, based upon personal investigation which may include information obtained from eyewitnesses, that a violation has been committed by any person then and there present, to arrest such person without a warrant of arrest."

■ Defendant first contends that his conviction must be reversed because, under the circumstances of the arrest upon which the State relies as a basis for his later conviction of the offense charged, which must necessarily have taken place at the Possum Park Professional Center prior to the taking of a sample of his blood, was invalid as not being made " * * * at the scene of a motor vehicle accident * * * ". However, we are satisfied that because of the existing crisis on the highway which required the removal of the injured defendant to an emergency room where he was charged with a violation of 21 Del.C. § 4176(a), the offense for which defendant has been found guilty can reasonably be said to have taken place in the presence of the arresting officer. Compare Halko v. State, 54 Del. 180, 175 A.2d 42. Accordingly, defendant's arrest was validly made, there being no legal requirement that a suspected offender be immediately placed under arrest, State v. Holland, 55 Del. 565, 189 A.2d 79, aff'd, 56 Del. 551, 194 A.2d 698. Furthermore, there is no constitutional requirement that a police officer make a formal declaration of arrest of a suspected offender, State v. Klinehoffer, 53 Del. 550, 173 A.2d 478, 5 Am.Jur.2nd Arrest § 1.

Accordingly, we have no doubt but that the defendant in the case at bar was law-

1. " * * * within four hours of the alleged offense * * * ", 21 Del.C. § 4176(a).

fully placed under arrest by Trooper Ogden at the Possum Park Medical Center, which, under the circumstances of defendant's injuries, his semi-conscious condition, the need for his speedy hospitalization, and the taking of the blood test within the statutorily required four hours [2] of the offense charged, can properly be considered an extension of the scene of the accident.

Defendant next contends that although he was admittedly incapable of refusing to submit to a blood test at the hospital and notwithstanding the provisions of 21 Del.C. § 2740G (which provide, inter alia, that any person who is unconscious or who is otherwise in a condition rendering him incapable of refusal, shall be deemed not to have withdrawn the consent provided for in 21 Del.C. § 2740 and that accordingly any such test may be performed as provided for in § 2740F of this title) that he should nonetheless have been allowed to withdraw such implied consent upon regaining the full exercise of his faculties.

However, in our opinion, to grant defendant here the right to withdraw his statutorily implied consent to a blood test on regaining full consciousness would give to the severely intoxicated, under the provisions of a statute which has been upheld by the Supreme Court of Delaware, Coxe v. State, Del.Supr., 281 A.2d 606, an advantage over the less inebriated, the latter being required, when capable of making a choice, to decide whether or not to refuse to take the test here in issue.

In our opinion the Legislature, in providing for the taking of a blood sample from one who is incapable of refusing to take such test, adopted a rational and fair procedure designed to prevent a person who is unconscious and suspected of having overindulged in an alcoholic beverage from steering successfully between the Scylla of undergoing a test, which must under the statute be taken within four hours of an alleged offense, and the Charybdis of losing his license, because of his refusal to submit to such test, merely because of being in a condition which renders him incapable of refusing to take such test. In other words, the case of People v. Hawkins, 6 Cal.3d 757, 100 Cal.Rptr. 281, 493 P.2d 1145, cited by appellant, has to do with an improperly acquired consent to a blood-alcohol test and not with the question of implied consent involved in the case at bar. Compare State v. Wolf, 53 Del. 88, 164 A.2d 865.

In view of the purpose of the statute, namely to enable the State to make a determination of whether or not the alcoholic blood content of an accused exceeds .100%, Coxe v. State, supra, the provisions complained of do not, in our opinion, constitute a denial to the appellant here of his constitutional right to the equal protection of the laws.

We conclude that the defendant, having undergone the test in question while unconscious or otherwise in a condition in which he was incapable of refusing to submit to such test, it would utterly frustrate the clear legislative intent behind such law, namely to bring about the removal of a drunken driver from the road under the facts and circumstances here presented, to permit such a driver to withdraw his implied consent to a blood alcohol test after the dissipation of such alcohol as might have been in his blood stream at the time of the offense complained of has occurred.

The judgment below will be affirmed.

2. 21 Del.C. § 4176(a).