**Alfred C. BERTOMEU, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Sept. 7, 1973.

Stephen P. Casarino, of Tybout, Redfearn & Schnee, Wilmington, for defendant below, appellant.

William E. Wright, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

HERRMANN, C. J., CAREY, J., and BROWN, Vice-Chancellor, sitting.

CAREY, Justice:

This is an appeal by Alfred C. Bertomeu, who was convicted in the Court of Common Pleas for driving under the influence of intoxicating liquor. Appellant sought to exclude from evidence the results of a blood alcohol test performed on him on August 3, 1972. The Court of Common Pleas denied the motion to suppress, and the Superior Court affirmed that decision. We believe the evidence should have been suppressed.

The facts are briefly as follows: On August 3, 1972, at approximately 11:30 p. m., a State Police officer observed appel-

lant driving a 1970 Volkswagon. The car was swerving from left to right within the lane in which the appellant was driving. The officer stopped appellant, and upon approaching appellant's car, detected an odor of alcohol. The officer did not then arrest the suspect, but asked him to get into the police car. While the appellant was in the police car, the officer requested that he take a breath test. The policeman told appellant that if he refused to take the test, he would be arrested, but that if he took the test, he might or might not be arrested, depending upon the results of the test. He further advised appellant that if he refused to take the test, his operator's license was subject to being revoked for a period of six months, and that if he were arrested and convicted of driving under the influence of alcohol, his license would be suspended for an additional period of one year, totaling a possible eighteen months suspension.

The appellant took the test and was arrested after the officer obtained the test results. The state chemist's analysis showed .120% blood alcohol.

I

■ The appellant argues that because the blood test was not performed in accordance with the Delaware Implied Consent Act, the results must be excluded. We agree. The Act provides in part:

"Any person arrested for driving a motor vehicle while under the influence of intoxicating liquor upon the public highways in this State shall be deemed to have given his consent to submit to a chemical test of his breath, blood or urine for the purpose of determining the alcoholic content of his blood." 21 Del. C. § 2740.

The actions of the police officer did not comport with the requirements of the Act. The meaning of the Act is clear: it cannot be said that a defendant has impliedly consented to a breath test until after the de-

fendant has been arrested. The record clearly indicates that no arrest preceded the administration of the breath test; rather, the appellant was told that he might or he might not be arrested, depending upon the results of the test.

■ The State, relying upon State v. Wolf, 3 Storey 88, 164 A.2d 865 (1960), suggests that the policeman had a qualified right to perform the instant search of the appellant's body, subject only to constitutional restraints. That is not true when the Implied Consent Act is invoked. First, the Act supplants what we said in this context in *Wolf, supra*. Secondly, the interest in human dignity and privacy which the fourth amendment to the Federal Constitution and Article 1, Section 6 of the Delaware Constitution, Del.C.Ann., seek to protect are further protected by this statute. A policeman cannot proceed with a search under the Implied Consent Act upon the mere fortuity that the desired evidence might be obtained. In the absence of valid express consent, the search must be preceded by a lawful arrest, and it is clear that there was no such arrest in this case.

II

■ Having concluded that the State may not rely upon the Implied Consent Act, we must now consider whether, as the State contends, the appellant expressly gave his valid consent to the search. Generally, a valid search may be made pursuant to a legally-issued search warrant, as incident to a legal arrest, or with the affirmative consent of the defendant or another person having standing to consent. State v. DeKoenigswarter, 4 Storey 388, 177 A.2d 344 (1962).

The State relies upon State v. Lynch, Del.Super., 274 A.2d 443 (1971), and Barlow v. State, Del.Super., 280 A.2d 703 (1971), in its argument that the appellant's consent was valid. This reliance is misplaced. In *Lynch*, the defendant was arrested for a traffic violation and was asked to submit to the alcohol test. Defendant

Lynch freely consented to take the test after consulting with his attorney. There was no indication of police impropriety, no suggestion of threat or coercion. That case is very different than the one at bar. Here, appellant submitted to the MOBAT test only after the police threatened to arrest him if he did not take the test. This threat made the appellant's submission to the test involuntary.

In *Barlow, supra,* one of the arresting officers approached the owner of the car, Miss Munda, whom he knew, and requested permission to search the car which she had been driving. She asked the officer whether he had a search warrant and he replied that he did not but that it would not take long to get one. She then consented to the search. Barlow was a passenger and admitted ownership of the "stuff" in the steamer trunk found in the car. We approved a finding of the trial Judge that Munda's consent was not involuntary. In the case now before us, the appellant was told that he had not yet been arrested, but he would be placed under arrest unless he submitted to the breath test. Thus he was told that unless he took the test he would undergo the significantly prolonged detention attendant upon arrest. Under these circumstances, we cannot say that his consent was freely and voluntarily given.

### III

Finally, we conclude that the search of which appellant complains was not incident to a lawful arrest. This appellant was not arrested until after the search. The arresting officer testified that the test results were the key factor in his decision to arrest the appellant. It is well settled that a search incident to a lawful arrest may not precede the arrest and serve as part of its justification. Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968).

We therefore decide that the evidence was obtained by an unlawful search and seizure and should have been excluded. Accordingly, the conviction is reversed and the case remanded for a new trial.