**STATE of Delaware**

**v.**

**Joseph A. PURCELL.**

Superior Court of Delaware,
New Castle.

March 26, 1975.

Peter N. Letang, Deputy Atty. Gen., Wilmington, for State.

Michael F. Tucker, Wilmington, for defendant.

## OPINION ON DEFENDANT'S MOTION FOR A NEW TRIAL

LONGOBARDI, Judge.

On January 21, 1975, the Defendant was tried for having in his actual physical control a motor vehicle while under the influence of intoxicating liquor. The jury returned a verdict of guilty. Thereafter, the Defendant timely filed a motion for a new trial based on the alleged error of the Court in allowing testimony on the results of a scientific test measuring alcohol in the Defendant's blood.

The facts as disclosed by the testimony indicated the arresting officer observed the Defendant's automobile parked along the shoulder of a highway and heard the motor running. The Defendant was lying across the front seat with his head on the passenger side of the vehicle. Based on observations made by the police officer, he placed him under arrest for having "actual physical control" in violation of 21 Del.C. 4176(a). The officer advised the Defendant about the "implied consent" law and told the Defendant that if he refused to submit to the test, he would lose his driving privileges for six months.

The Defendant contends that since the Defendant was arrested for having "in actual physical control a motor vehicle while under the influence," [1] the Implied Consent Act was not applicable to his arrest because that statute applies only to a person who "drives" [2] a motor vehicle.

The State contends that 21 Del.C. 2740 should be construed as amended by implication because the two statutes; that is, 21 Del.C. 4176 and 21 Del.C. 2740, "conflict irreconcilably." In addition, the State

---

1. 21 Del.C. 4176(a)—Any person who drives, operates or has in actual physical control a motor vehicle while such person's blood has reached a blood alcohol concentration of $10/100$ of one percentum or more, by weight, as shown by a chemical analysis of a blood, breath, or urine sample taken within four hours of the alleged offense, shall be guilty under this section.

2. 21 Del.C. 2740—Any person arrested for driving a motor vehicle while under the influence of intoxicating liquor upon the public highways in this State shall be deemed to have given his consent to submit to a chemical test of his breath, blood, or urine for the purpose of determining the alcoholic content of his blood.

contends 21 Del.C. 4176 was amended[3] and that portion of the amendment relating to a finding of guilt when the blood alcohol level reaches $10/100$ of one percentum indicates a "legislative intent" to encompass all of the violations possible under 21 Del. C. 4176 into 21 Del.C. 2740. Finally, the State contends the Defendant consented to the test, therefore, it should be admissible. The State contends that is especially so based on Schmerber v. California, 384 U. S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), by which authority the State alleges they could, after an arrest, take a blood sample from the Defendant over his objection with the results of such test being admissible. Following this logic, the State contends that the results of the test are admissible regardless of the Defendant's approval or how it was obtained.

The first issue to be resolved is whether a person arrested for having "actual physical control" in violation of 21 Del.C. 4176(a) is a person amenable to the provisions of 21 Del.C. 2740 which refers only to persons arrested for "driving" under the influence.

To determine this issue, the Court must refer back to the forerunner of our present 21 Del.C. 4176(a). That statute was 21 Del.C. 4111 which provided in pertinent part as follows:

"Whoever operates a motor vehicle while under the influence . . ."

Construction of the word "operates" was provided by the Superior Court in State v. Pritchett, Del.Super., 3 Storey 583, 173 A. 2d 886 (1961), and later analyzed by our Supreme Court in McDuell v. State, Del. Supr., 231 A.2d 265 (1967). In general, it may be assumed that State v. Pritchett (supra) gave the word "operates" a broad meaning which encompassed the word

"drives." It included situations of starting the engine or merely manipulating the mechanical or electrical apparatus or doing any other similar act which would result in engaging the operative machinery apart from motor machinery. It obviously would include the latter. 47 A.L.R.2d 579. In the Pritchett case (supra) the Defendant was found in the driver's seat of a stopped automobile slumped over the steering wheel. The car's engine and lights were on. After being aroused, the Defendant turned off the ignition and thus the motor. The car had not moved.

In 1964, 21 Del.C. 4111 was repealed and replaced by 21 Del.C. 4176. The wording of the new statute differed remarkably from its predecessor 21 Del.C. 4111. The new section prohibited "driving." In construing the meaning of that term, our Supreme Court by present Chief Justice Herrmann decided that "driving" was a more restrictive word than "operates" and stated the General Assembly presumably was aware of the distinction between the words of "drives" and "operates" because of the Pritchett case (supra) and they made the change intending thereby to remove "standing" violations from the operation of the statute. McDuell v. State (supra) pages 267, 268. On April 30, 1969, Delaware's Implied Consent Law became effective. 57 Delaware Laws, Chapter 52, Section 1. By that Act, the Legislature adopted the then present language of Section 4176 by saying:

"Any person arrested for driving . . ." 21 Del.C. 2740.

Then just eight days later an amendment to Section 4176 added the words "or has in actual physical control" to the already present "drives." The Legislature by this Amendment expanded the more restrictive provision "drives." This has been con-

---

3. 57 Delaware Laws, Chapter 613, Section 1—Any person who drives, operates or has in actual physical control a motor vehicle while such person's blood has reached a blood alcohol concentration of $10/100$ of one percentum or more, by weight, as shown by a chemical analysis of a blood, breath, or urine sample taken within two hours of the alleged offense shall be guilty of this section. This provision shall not preclude a conviction based on other admissible evidence.

firmed by the continued use of a charge by the Superior Court which defines the new words as connoting "exclusive physical power and present ability to operate, move, park or direct whatever use or non-use was to be made of the motor vehicle at the moment." Cf. State v. Webb, 78 Ariz. 8, 274 P.2d 338 (1954). Apparently, standing violations were now part of 21 Del.C. 4176(a). But there was no amendment to the Implied Consent Law. Even after June 8, 1970 when Section 4176 was further amended by adding the word "operates," Section 2740 still was not amended. Thereafter, the Legislature amended Section 4176 at least four additional times but never once amended Section 2740.

■ To say it was an oversight is to refuse to recognize the facts and two obvious statutory construction rules: (1) whenever the Legislature enacts a provision, it is presumed to have had in mind the previous statutes relating to the same subject matter, State v. Hollobaugh, Del. Super., 297 A.2d 395 (1972); and (2) Legislative language is interpreted on the assumption that the Legislature is aware of judicial decisions. Scribner v. Chonofsky, Del.Ch., 310 A.2d 924 (1973).

■ The intent of the Legislature in the use of the words "operates" and "drives" has been commented on by our own Supreme Court. McDuell v. State (supra). The conclusion one must reach is that the Legislature was aware of the liberal interpretation of "operates" as decided by *Pritchett* (supra) and, if that were not enough, must surely have been aware of McDuell v. State (supra) in 1967. After *McDuell* (supra) there could have been no mistake in anyone's minds about the differences between those two words. The language of Section 2740 is clear and unambiguous. The words should be given their literal meaning.

■ The State contends that the statutes should be construed as covering the same subject matter and, in spite of the diverse literal interpretation or meaning of the words, they should be read consonantly because of "implied amendment." They cite Rickards v. State, Del.Supr., 6 Terry 573, 77 A.2d 199, 203, as follows:

"Amendments by implication are not favored but when a subsequent Act is so inconsistent with and repugnant to a prior Act that reconciliation is impossible, an amendment by implication of the prior Act necessarily follows."

In response to that proposition, one must take note that Section 2740 was not inconsistent with or repugnant to the then existing Section 4176(a); both used the words "drives." There is no subsequent act to interpret except 4176(a) which, after amendment, certainly cannot be construed as being inconsistent or repugnant to Section 2740. Instead, Section 4176 became broader, more expansive and not so restrictive. The State's other citations in this regard are inapposite or not controlling.

The State's next argument is that the 1970 amendment to Section 4176(a), to wit:

"Any person who drives, operates or has in actual physical control a motor vehicle while such person's blood has reached a blood alcohol concentration of 10/100 of one percentum or more, by weight, as shown by a chemical analysis of a blood, breath, or urine sample taken within two hours of the alleged offense shall be guilty of this section;" 57 Delaware Laws, Chapter 613, Section 1;

indicates the Legislature contemplated the use of Section 2740 to secure evidence of intoxication in instances of "actual physical control" or "operates" to establish the violation. The State says, "How else could the 'blood alcohol concentration' be procured or determined unless the Implied Consent Act was available in these situations." At least one answer is obvious: that is, by voluntary consent. Another way is for the Legislature to make Section

2740 fully amenable to all the provisions of Section 4176(a).

■ The Court concludes that Delaware's Implied Consent Law is applicable to persons who had been arrested for "driving" under the influence. It is inapplicable to those who have been arrested for having "actual physical control" in violation of Section 4176(a).

■ The State finally contends that assuming arguendo that 21 Del.C. 2740 is not applicable in this case, the results of the test should not be suppressed because the Defendant consented to the test. This contention is based on an improper premise because the Defendant did not consent voluntarily. The officer advised the defendant that he would lose his license for an additional six months when, in fact, that was false. (There was no testimony that the police officer acted intentionally.) He obtained the Defendant's approval based on a false premise and, obviously, in violation of 21 Del.C. 2740.

The State contends that whether the Defendant consented or *not*, the results would be admissible under Schmerber v. California (supra). In *Schmerber* (supra) the Defendant was arrested for driving under the influence and, over his objection, a blood sample was taken by a doctor in a hospital setting. The gist of the decision is that such a "search" or "intrusion" is justified under the specific circumstances of that case and that the Fourth Amendment was *not* violated when it is made in a proper manner. Schmerber v. California (supra), 384 U.S. 757, 86 S.Ct. page 1834. The proper manner referred to above relates to the sample being taken by a physician in a hospital environment according to accepted medical practices. *Schmerber* (supra) must be read in the very limited context of the actual facts of that case. 384 U.S. 757, 86 S.Ct. page 1836.

The Court stated that it was not presented with "the serious questions which would arise if a search involving use of a medical technique, even of the most rudimentary sort, were made . . . for example . . . by police in the privacy of the stationhouse." 384 U.S. 757, 86 S.Ct. page 1836. Moreover, besides differing on the facts, *Schmerber* (supra) and the case sub judice involve different legal issues. The relevant sections of *Schmerber* (supra) were concerned with the prohibitions of the Fourth Amendment; this case deals with the implications of 21 Del.C. 4176 and 21 Del.C. 2740.

■ In a similar situation involving the law involved in this case, the Supreme Court of the State of Delaware indicated that the threat of arrest made the Defendant's consent involuntary. Bertomeu v. State, Del.Supr., 310 A.2d 865 (1973). Can this Court say that the threat of losing one's license for six months was less compelling? I think not.

If this Court is to give meaning to the "exclusionary rule" as ordered by Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed. 2d 1081, if we are to be ever vigilant of the complex of values sought to be protected by that rule and finally, if we are to establish law which disfavors methods of obtaining evidence which the exclusionary rule was designed to curtail, this Court cannot countenance the introduction of evidence obtained by giving a citizen of this State false or misleading information. Gouled v. U. S., 255 U.S. 298, 41 S.Ct. 261, 65 L.Ed. 647 (1921); Bumper v. N.C., 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968). To allow it would lend our authority and approval to the State obtaining evidence by every trick and artifice imaginable. This is not to say that our State officials would indulge in such conduct. This does say we must not allow the basis for it to exist.

■ In addition, when the provisions of the Implied Consent Act are involved and evidence obtained thereunder, the police must have acted in compliance with every

provision of the Act. State v. Wells (Del.Super., unreported decision, Judge Vincent A. Bifferato, 1116 Cr.A. 1973 dated July 23, 1974). The Supreme Court in *Bertomeu* (supra) decided the same. It said:

> 310 A.2d p. 866. "The appellant argues that because the blood test was not performed in accordance with the Delaware Implied Consent Act, the results must be excluded. We agree."

This Court also concludes that the blood analysis test results in this case were obtained in violation of the Delaware Implied Consent Act and the results should have been suppressed. State v. Rickards (supra).

Defendant's motion for a new trial is granted.

It is so ordered.