**STATE of Delaware**

**v.**

**David L. BOWEN, Defendant.**

Superior Court of Delaware,
Kent.

April 4, 1975.

Harrison F. Turner, Deputy Atty. Gen., Dover, for the State of Delaware.

Paul H. Spiller, Kimmel, Spiller & Bradley, Wilmington, for defendant.

TAYLOR, Judge.

Defendant appeals from his conviction in the Court of Common Pleas on the charge of driving a motor vehicle while under the influence of intoxicating beverage.

## I

■ The first issue is whether statements made by defendant to the police officers should have been excluded because defendant had not been given the *Miranda* warnings. In State v. Bliss, Del.Supr., 238 A.2d 848 (1968), the Delaware Supreme Court held that "until the Supreme Court furnishes further guidelines, we will not apply [the *Miranda* rule] to motor violations." The holding in *Bliss* is a direct recognition that in the case of motor vehicle offenses a defendant is not entitled to the protection of the *Miranda* rule.

Defendant argues that the United States Supreme Court in Orozco v. Texas, 394 U.S. 324, 89 S.Ct. 1095, 22 L.Ed.2d 311, (1969) expanded the applicaton of the *Miranda* rule to apply wherever a person is interrogated while in custody. While *Orozco* applied the *Miranda* rule where the custody occurred before defendant was taken to the police station, the majority of the Supreme Court made it amply clear that *Orozco* was not intended to "expand or extend to the slightest extent our *Miranda* decision."

The remaining United States Supreme Court decision relied upon by defendant as providing new guidelines is Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L. Ed.2d 530 (1972). *Argersinger* involved the right of an indigent defendant charged with carrying a concealed deadly weapon to be represented by counsel at his trial. It did not involve pretrial interrogation. Based upon the authority cited by defendant, the Court concludes that no guideline has been supplied by the United States Supreme Court which would require the inclusion of motor vehicle offenses within the protection of *Miranda*. It is unnecessary to consider decisions of other state courts since the Delaware Supreme Court has spoken.

## II

Next, defendant argues that the Court improperly prevented him from presenting to the jury the issue of whether the omicron breath test which the police officers gave to him was voluntarily consented to by him. 21 Del.C. § 2740B provides:

"If the person after his arrest refuses to submit to the chemical test when requested to do so, the test shall not be given but the arresting officer shall cause to be delivered to the Department his sworn report of the refusal . . . ."

From the prohibition against giving the test if the person refuses to submit to it, defendant argues that he was entitled to have the jury consider whether or not he refused to take the test. In support of this proposition, defendant analogizes to the treatment of the issue of voluntariness of a statement or confession of a defendant.

The leading Delaware case on the subject of the treatment of the statement [1] of a defendant in a criminal case is Wilson v. State, Del.Supr., 10 Terry 37, 109 A.2d 381 (1954). In *Wilson,* the Delaware Supreme Court held that after the Court determines that the statement is admissible, the defendant has the right, if the testimony is conflicting, to have the issue of voluntariness submitted to the jury, and in addition, it is in the province of the jury to determine the weight to be given to the state-

---

1. It is not necessary to differentiate between confession and statement if the safeguards surrounding confessions are applied. Wilson v. State, supra; State v. Tilghman, Del. Oyer & Terminer, 6 Pennewill 54, 63 A. 772 (1906).

ment. In a footnote appearing on page 387, the Court addresses itself specifically to the question of whether the admissibility of the statement, vis-a-vis its weight and credit, should be submitted to the jury. Citing apparent conflicting trial court jury instructions, State v. Brinte, Del. Oyer & Terminer, 4 Pennewill 551, 58 A. 258 (1904), and State v. Powell, Del. Oyer & Terminer, 5 Pennewill 24, 61 A. 966 (1904), the Court held that where the issue of voluntariness is involved, it should be submitted to the jury upon proper instruction. This proposition was reaffirmed by the Delaware Supreme Court in Weekley v. State, Del.Supr., 222 A.2d 781 (1966).

The test, therefore, is whether there is a reasonable probability that the statement was obtained by the use of improper methods. Wilson v. State, supra; State v. Donovan, Del. Oyer & Terminer, 1 Terry 257, 8 A.2d 876 (1939). In order for this issue to be submitted to the jury, there must be a conflict in testimony. Ibid. If such a conflict does not exist, the Court need not submit that issue to the jury. Ibid.

Assuming for purposes of this consideration, that the principles announced above are applicable to the taking of the breath test, the question is whether there was a refusal by defendant to take the test, followed by a violation of that refusal by compelling defendant to take the test. The evidence here indicates that defendant did on two occasions refuse to take the test. After further reading of the statute to defendant by the police officer, defendant then agreed to take the test. Defendant thought he had the right to refuse to take the test, but cooperated with the police who were nice to him. The police did not threaten him in any way. Since the above statements came from defendant himself at trial and they were not contradicted by other testimony, there does not appear to be a conflict of testimony on this issue. It is clear that defendant without coercion withdrew his prior refusal to take the test

and voluntarily agreed to take it before it was administered. Under this state of the evidence, there was no issue to submit to the jury on the question of the voluntariness of defendant's consent to take the breath test. Cf. State v. Lynch, Del. Super., 274 A.2d 443 (1971).

III

Finally, defendant contends that the portion of the Court's charge which refers to the reading of the breath test and which further states that such evidence, if believed by the jury beyond a reasonable doubt, would constitute proof that the defendant was under the influence of intoxicating liquor within the meaning of the statute was an improper comment upon the evidence. The identical language was considered and held to be valid by the Delaware Supreme Court in Slaughter v. State, Del.Supr., 322 A.2d 15 (1974).

I conclude that defendant has not shown valid reason for reversal of the judgment of the Court of Common Pleas. Accordingly, the judgment is affirmed.

It is so ordered.