**David L. BOWEN, Defendant below, Appellant,**

v.

**STATE of Delaware, Plaintiff below, Appellee.**

No. 971975.

Supreme Court of Delaware.

Argued Sept. 16, 1975.

Decided Sept. 30, 1975.

Michael Weiss, of Kimmel, Spiller & Bradley, P. A., Wilmington, for defendant below, appellant.

Harrison F. Turner, Deputy Atty. Gen., Dover, for plaintiff below, appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

McNEILLY, Justice:

Defendant appeals from the affirmance by the Superior Court (See 336 A.2d 228)

of his conviction in the Court of Common Pleas for driving under the influence of intoxicating liquor. He contends that statements made to the police during custodial interrogation should have been excluded because he was not advised of his *Miranda* rights and that the issue of voluntariness of consent to take a chemical test following his refusal to do so should have been presented to the jury following an initial determination by the Court.

## I

■ We find no merit in defendant's first contention and agree with the rationale of the Superior Court's opinion on this issue, 336 A.2d at 229.

## II

■ The defendant next argues that because he twice refused to submit to the chemical test after being placed under arrest and finally submitted because, " . . . it was late and I knew my wife was waiting on me and the other people too, so I said, 'Okay. Let's do it and get it over with' ", the issue of voluntariness should first have been decided by the judge and then submitted to the jury. He argues that refusal to submit to a chemical test after his arrest should be deemed to have revoked the statutorily imposed consent thereafter requiring a determination of voluntariness. He relies on *Morrow v. State,* Del.Supr., 303 A.2d 633 (1973), *Bertomeu v. State,* Del.Supr., 310 A.2d 865 (1973) and *Hatcher v. State,* Del.Supr., 337 A.2d 30 (1975) all of which are inapposite to this case.

21 Del.C. Sec. 2740 states:

"Any person arrested for driving a motor vehicle while under the influence of intoxicating liquor upon the public highways in this State shall be deemed to have given his consent to submit to a chemical test of his breath, blood, or urine for the purpose of determining the alcoholic content of his blood."

21 Del.C.Sec. 2740B (now 2742) states:

"If after his arrest, the person refuses to submit to the chemical test when requested to do so, the test shall not be given . . .. The police officer shall inform the person at the time of requesting the test of the possible consequences of his refusal to submit to the test— namely, suspension and revocation of his license, permit or privilege to drive a motor vehicle within this State for a period of 6 months."

There is no evidence in the record that the police did any more in persuading the defendant to submit to the test than the statutes required. Defendant knew he was not required to consent; nothing short of a legislative enactment could suspend the effectiveness of the statute; and mere repetition of the statutory requirements by the police plus defendant's personal reasons for wanting to get it over with, constitute insufficient evidence of coercion to call for a determination of voluntariness.

\* \* \*

Affirmed.