**Alvin F. KLASE, Defendant below, Appellant,**

v.

**STATE of Delaware, Plaintiff below, Appellee.**

Supreme Court of Delaware.

Argued Sept. 8, 1975.

Decided Oct. 9, 1975.

Arlen B. Mekler, Wise & Mekler, Wilmington, for defendant below, appellant.

Norman A. Barron, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

McNEILLY, Justice:

Defendant appeals from jury convictions in Superior Court on charges of rape and possession of a deadly weapon during the commission of a felony. He contends that his due process rights were violated by an "impermissably suggestive" pretrial identification of a knife with which he allegedly forced the victim to acquiesce to sexual intercourse.

I

During pretrial investigation of the alleged crimes, the victim told police that de-

fendant had forced her at knifepoint to have sexual intercourse with him. She described the knife as a thin, white, pearl-handled stiletto. The defense was consent.

When defendant was arrested, a knife was seized from him which matched the description given by the victim. Defendant admitted that this knife was on his person the night the alleged crime occurred, but denied that he used it.

Six knives, including defendant's, were then shown to the victim. Of the five other knives, four had dark colored handles, and the fifth had a handle which was white but thick. From this group, the victim identified defendant's knife, and this identification was introduced into evidence by the State at trial.

## II

■ Under ordinary rules of evidence, such a "lineup" identification procedure for inanimate objects is unnecessary; a sufficient foundation for admissibility of an object is established so long as the identifying witness believes the object to be the one in question, and thereafter, any uncertainty is a matter of weight for the jury. 32 C.J.S. *Evidence* § 607. Defendant, in fact, concedes that had the "lineup" procedure not been used no objection could be raised; however, he argues that because this procedure was used, even though unnecessarily, ordinary rules of evidence do not apply and the identification is subject to the constitutional "suggestive" tests established in *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).

■ Assuming, *arguendo*, that we should apply the *Stovall-Simmons* test to the knife-identification, we find that in light of the totality of the circumstances surrounding this case, there was no substantial likelihood of misidentification and therefore no due process violation. The

victim accurately described the knife to the police; such a knife was found on defendant's person; defendant admitted the knife was on his person the night of the alleged crime; the knife was admissible under ordinary rules of evidence.

■ Furthermore, if it was error, for whatever reason, to admit the knife-identification testimony into evidence, it was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 87 S. Ct. 824, 17 L.Ed.2d 705 (1967); *Day v. State*, Del.Supr., 291 A.2d 286 (1972).

The evidence, exclusive of the identification, was more than ample to sustain the conviction. Such evidence included the defendant's hat found at the scene of the crime, the victim's dirt and grass stained clothes, fresh cuts and bruises on the victim's body, and the victim's emotional state immediately following the crime.

■ While we affirm defendant's conviction here, we caution against the admission into evidence of unnecessary "lineup" identification of inanimate objects in the ordinary case.

■ Defendant's additional argument that the indictment was defective for failure to fully inform him of the charges, is without merit. Although defendant contends that he was improperly tried for two distinct offenses, under a single count, the record clearly indicates that he was charged, tried and convicted for one rape offense. The indictment was drawn substantially in the language of the rape statute, 11 Del.C. § 763, which contains all the necessary elements of the rape offense, and is therefore legally sufficient. See *State v. Martin*, Del.Supr., 2 Storey 561, 163 A.2d 256, 257 (1960). And in determining whether intercourse was the result of rape or consent, the jury was entitled to hear all that had occurred between the parties during the period in question.

Affirmed.